EL PUEBLO DE PUERTO RICO, demandante y apelante, *v.* ANGEL B. FALCÓN, acusado apelado.

No. 4126.—*Sometido:* Diciembre 2, 1930. *Resuelto:* Diciembre 18, 1930.

*R. A. Gómez y E. Pérez Casalduc,* fiscales del Tribunal Supremo y de la Corte de Distrito de Arecibo, respectivamente, abogados de *El Pueblo,* apelante; *Antonio Reyes Delgado,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La apelación en este caso la interpuso el Pueblo por su Fiscal del Distrito de Arecibo.

Formulada acusación contra Angel B. Falcón, por infracción al artículo 372 del Código Penal, el acusado la excepcionó, alegando que los hechos que se le imputaban no eran constitutivos del delito previsto y castigado en el citado artículo. Oídas ambas partes, la corte dió la razón al acusado y ordenó que se sobreseyera en la causa. No conforme el fiscal, apeló para ante esta Corte Suprema.

La acusación dice, en lo pertinente, así:

"El referido acusado, Angel B. Falcón, allá por el mes de mayo de 1928 . . . siendo Auditor Municipal del municipio de Jayuya, P. R., y viniendo encargado, por virtud de su mencionado cargo . . . de traspasar o desembolsar los fondos públicos o dineros pertenecientes al municipio de Jayuya, por medio de las correspondientes órdenes de pago, allí y entonces, actuando en tal carácter, y a sabiendas, ilegal, maliciosa y fraudulentamente y sin autoridad legal para ello, se apropió, para su uso particular y beneficio, una parte de dichos fondos municipales, o sea la suma de $83.36 ordenando el pago y haciendo expedir un cheque a su nombre por dicha cantidad, pretextando el pago de su haber como empleado municipal por el mes de junio de 1926, que le había sido satisfecho ya con anterioridad . . ."

Y el artículo 372, es como sigue:

"Artículo 372. Todo funcionario de Puerto Rico o de cualquier municipio o distrito local y toda persona encargada de recibir, guardar, traspasar o desembolsar fondos públicos que (1) sin autoridad legal los apropiare del todo o en parte, para su uso particular o el de otra persona; o (2) los prestare, o cualquiera porción de ellos; o que especulare con ellos o los utilizare para cualquier objeto no autorizado por la ley; o (3) no los conservare en su poder hasta desembolsarlos, o entregarlos por autorización de la ley; o (4) depositare ilegalmente, todo o parte de ellos en algún banco, o en poder de algún banquero u otra persona; o (5) canjeare o convirtiere cualquiera porción de ellos, bien papel en metálico o metálico en papel u otra moneda corriente, sin autoridad legal para ello; o (6) a sabiendas llevare alguna cuenta falsa, o hiciere algún asiento falso, o raspadura en alguna cuenta de dichos fondos, o que se relacionare con los mismos; o (7) fraudulentamente alterare, falsificare, ocultare, destru-

yere o tachare cualquier cuenta o documento que se relacione con ellos; o (8) voluntariamente se negare o dejare de pagar a su presentación cualquiera letra, orden o libramiento girado por autoridad competente contra los fondos públicos en su poder; o (9) voluntariamente dejare de traspasar los mismos, en los casos que en la ley exige dicho traspaso; o (10) voluntariamente dejare o se negare a entregar a algún funcionario u otra persona autorizada por la ley para su recepción, cualquiera cantidad de dinero que por la ley estuviere en la obligación de entregar como queda dicho, incurrirá en pena de presidio por uno a diez años, quedando además incapacitado para ejercer cargo público.''

En el caso de *Moore* v. *State*, de Nebraska, reportado en 74 N. W. 319, se resolvió:

''Cuando un estatuto penal se hace aplicable sólo a cierta clase de personas, la mención de esa clase describe hasta ese punto el delito, y el hecho de que la persona acusada caiga dentro de esa clase es un elemento substantivo del delito mismo.

''El artículo 124 del Código Penal, referente a malversación de fondos públicos, sólo se aplica a funcionarios o a personas encargadas por la ley de cobrar, recibir, guardar, traspasar, o desembolsar fondos públicos, y a aquéllos que ayudan o instigan a tales funcionarios o personas.

''El *auditor* de cuentas públicas no está, como tal funcionario, encargado de cobrar, recibir, guardar, traspasar o desembolsar cualquiera parte de los fondos públicos, y no se halla dentro de los términos descriptivos del artículo 124 del Código Penal.

''A fin de castigar a una persona por un delito, éste debe caer dentro del significado claro de la fraseología del estatuto creando o definiendo el delito. Una ofensa que no está comprendida por tal fraseología no puede declararse como delito por caer dentro de la razón o espíritu de la ley; y no puede evadirse este principio resolviendo que uno que ejecute actos denunciados como delictivos al ser cometidos por determinada clase de personas, está impedido de negar que cae dentro de esa clase.''

Y en el de *Ex parte Huston*, de Idaho, reportado en 147 Pac. 1064, se decidió:

''Para justificar una convicción de acuerdo con el artículo 6975 de los Códigos Revisados, debe llegarse a la conclusión de que el fun-

cionario acusado está, de conformidad con la fraseología del estatuto, 'encargado de recibir, guardar, traspasar o desembolsar fondos públicos.'

"El *auditor* del estado en su capacidad oficial como tal funcionario no es el guardador de fondos públicos dentro del significado del artículo 6975 de los Códigos Revisados, y no está propiamente clasificado dentro de aquellos funcionarios públicos que reciben fondos públicos o que están encargados de guardarlos, traspasarlos, o desembolsarlos, con relación a sus deberes oficiales al expedir comprobantes contra fondos públicos.

"El artículo 6975 de los Códigos Revisados fué promulgado con la intención de castigar aquella clase particular de funcionarios públicos, que estando encargados de la custodia de fondos públicos, fraudulentamente se apropian, para su uso particular, o para el de un tercero, de una porción de tales fondos en violación de los deberes de su cargo.''

Interpretando el artículo 372 de nuestro Código Penal a la luz de esas decisiones, para que el acusado Falcón, Auditor Municipal de Jayuya, hubiera cometido el delito previsto y castigado en el mismo, tendría que ser el funcionario o persona encargada de recibir, guardar, traspasar o desembolsar los fondos públicos del dicho municipio.

Sostiene el fiscal que lo era, invocando en su apoyo, 1, el artículo 3 de la Ley Municipal, en la parte que dice:

". . . El auditor tendrá todas las facultades, funciones y deberes, con respecto al municipio, que corresponden al Auditor de Puerto Rico, con respecto al Gobierno Insular, con sujeción a las disposiciones de la Ley Orgánica y a los reglamentos que dictare dicho Auditor de Puerto Rico y firmará los libramientos y órdenes de pago que hayan de efectuarse de los fondos municipales.''

2, El párrafo 21 de la sección 2ª. de la Ley Orgánica, que ordena que

"No se pagará dinero alguno del Tesoro a no ser en virtud de una asignación hecha por ley, y mediante libramiento expedido por el funcionario correspondiente de acuerdo con dicha ley.''

Y, 3, El "Reglamento para el Régimen de la Contabilidad

Municipal," que en sus secciones 17 (*a*) y 19 (*a*) y (*d*), prescribe:

"Sección 17. (*a*) El Auditor Municipal emitirá libramiento para el pago de atenciones municipales, solamente cuando haya crédito no agotado o comprometido en presupuesto o transferido legalmente, y cuando el gasto esté debidamente comprobado por los documentos que presente el interesado o solicite el Auditor Municipal; y cuando, ádemás, haya fondos disponibles de acuerdo con la distribución de la existencia de caja y exista la certeza de que dicho libramiento puede ser pagado el mismo día en que se expida."

"Sección 19. (*a*) Los libramientos (modelo No. 12) son mandatos escritos al Tesorero Municipal para el pago a los acreedores 'bona fide' de sumas determinadas por materiales o servicios especificados, excepto en aquellos casos en que no haya fondos disponibles para el pago de la cuenta según la clasificación de la existencia."

"(*d*) El Auditor Municipal llenará y firmará el modelo de cheque adherido al libramiento y que forma parte de éste, cuidando de que en el espacio destinado al efecto aparezca la explicación exacta, amplia e inequívoca del objeto para el cual se hace el pago, de tal manera que sin necesidad de recurrir a comprobantes u otros documentos justificativos, se conozca claramente el concepto del pago."

Por más esfuerzos que hace el fiscal, su argumentación se estrella contra las palabras de la ley, cuyo significado y uso constante ha sido fijado por la jurisprudencia y es bien conocido.

Sea cual fuere la intervención que tenga el *auditor* en los pagos del municipio, por imprescindible que resulte su actuación, no es él el funcionario encargado de *recibir, guardar, traspasar,* o *desembolsar* los fondos públicos municipales a que se refiere el artículo 372 del Código Penal, o como dice su texto inglés, "charged with the receipt, safe-keeping, transfer or disbursement." Claramente se ve que el propósito de la ley es referirse al funcionario que tiene la actual o directa custodia de los fondos y verifica finalmente lá entrega, por ejemplo, el tesorero.

El argumento de que de no interpretarse la ley en el sentido que sostiene el fiscal, actos criminales como el que

se imputa al acusado, quedarían impunes, no es de peso ante las cortes.

Aparte de que no estamos convencidos de que el acto, de haberse cometido, no pueda perseguirse en otra forma, bastará decir que el argumento sólo valdría ante el poder legislativo.

*Debe confirmarse la resolución apelada.*