EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ APARICIO RIVERA y JUAN P. BOUILLERCE, acusados y apelantes.

No. 3605.—*Sometido:* Febrero 6, 1930.   *Resuelto:* Marzo 20, 1931.

*R. Martínez Nadal, F. Colón Díaz, Leopoldo Tormes* y *G. S. Pierluissi,* abogados de los apelantes; *José Ramón Quiñones,* fiscal de la Corte de Distrito de Ponce, en comisión ante la Corte Suprema, abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La acusación presentada en este caso por un gran jurado lee substancialmente así:

"Los referidos José Aparicio Rivera y Juan P. Bouillerce, allá en o por el día 17 de noviembre, A. D., 1923, y en Adjuntas, Puerto Rico, que forma parte del Distrito Judicial de Ponce, Puerto Rico, siendo José Aparicio Rivera Secretario Auditor y Juan P. Bouillerce Comisionado Municipal de Hacienda del Municipio de Adjuntas,

Puerto Rico, y en la fecha arriba mencionada, estando encargados de recibir, guardar, traspasar y desembolsar los fondos públicos pertenecientes a dicho Municipio, ilegal, voluntaria y maliciosamente desembolsaron la cantidad de $1,500, moneda de los Estados Unidos de curso legal, perteneciente al Erario Público, esto es, al Municipio de Adjuntas, Puerto Rico, que tenían bajo su custodia legal como tales funcionarios públicos, en pago de jornales de trabajadores ocupados en las reparaciones de caminos municipales, según ordenanza del empréstito de $150,000 de mayo, 1922, y ordenanza del Concejo de Administración de octubre 30 de 1923 del Municipio de Adjuntas, sin haber sido inspeccionadas dichas reparaciones de caminos por el Comisionado del Interior de Puerto Rico, sin que los comprobantes de dichos pagos hubiesen sido aprobados por el Comisionado del Interior de Puerto Rico, en contravención a la orden expresa del Auditor de Puerto Rico después de haber sido dicho Auditor de Puerto Rico consultado por el Auditor Municipal señor Aparicio Rivera, sin que los comprobantes de dichos pagos estén debidamente firmados por los trabajadores ni sostengan la totalidad del desembolso y sin que todos los servicios hayan sido rendidos con anterioridad al desembolso; todo lo cual es contrario a la ley para tal caso hecha y prevista y contra la paz y dignidad de El Pueblo de Puerto Rico.''

La acusación fué presentada bajo el tercer inciso del artículo 372 del Código Penal, pero para un mejor entendimiento es conveniente copiar todo el artículo, el cual dice así:

''Todo funcionario de Puerto Rico o de cualquier municipio o distrito local y toda persona encargada de recibir, guardar, traspasar o desembolsar fondos públicos que (1) sin autoridad legal los apropiare del todo o en parte, para su uso particular o el de otra persona; o (2) los prestare, o cualquiera porción de ellos; o que especulare con ellos o los utilizare para cualquier objeto no autorizado por la ley; o (3) no los conservare en su poder hasta desembolsarlos, o entregarlos por autorización de la ley; o (4) depositare ilegalmente, todo o parte de ellos en algún banco, o en poder de algún banquero u otra persona; o (5) canjeare o convirtiere cualquiera porción de ellos, bien papel en metálico o metálico en papel u otra moneda corriente, sin autoridad legal para ello; o (6) a sabiendas llevare alguna cuenta falsa, o hiciere algún asiento falso, o raspadura en alguna cuenta de dichos fondos, o que se relacionare

con los mismos; o (7) fraudulentamente alterare, falsificare, ocultare, destruyere o tachare cualquier cuenta o documento que se relacione con ellos; o (8) voluntariamente se negare o dejare de pagar a su presentación cualquiera letra, orden o libramiento girado por autoridad competente contra los fondos públicos en su poder; o (9) voluntariamente dejare de traspasar los mismos, en los casos que en la ley exige dicho traspaso; o (10) voluntariamente dejare o se negare a entregar a algún funcionario u otra persona autorizada por la ley para su recepción, cualquiera cantidad de dinero que por la ley estuviere en la obligación de entregar como queda dicho, incurrirá en pena de presidio por uno a diez años, quedando además incapacitado para ejercer cargo público.''

Los apelantes presentaron una excepción perentoria a la acusación y el haberse declarado sin lugar esta excepción sirve de fundamento al primer señalamiento de error. Bajo este artículo es evidente que debió haberse alegado claramente en la acusación la posesión real por parte de los acusados. La primera parte de la acusación dice que era el deber de los mismos recibir, guardar, traspasar y desembolsar los fondos públicos pertenecientes al Municipio de Adjuntas y que desembolsaron la cantidad de $1,500 pertenecientes al Erario Público, esto es, al Municipio de Adjuntas, Puerto Rico, que tenían bajo su custodia legal como tales funcionarios públicos (habiéndose descrito previamente sus cargos oficiales). Creemos que es bastante evidente que era imposible para estos acusados haber tenido la posesión común de los fondos públicos, y la acusación era defectuosa al no alegar que el funcionario encargado de guardar, desembolsar, etc., los fondos públicos tenía la custodia de los mismos.

Quizá podamos tomar conocimiento judicial en favor de los acusados de que el secretario auditor de un municipio no tiene la custodia ni guarda de los fondos públicos, pero si bajo las circunstancias él en realidad tuvo tal custodia, debió haberse hecho constar tal alegación claramente en la acusación. Somos de opinión que no se imputó delito público alguno a Aparicio Rivera, Secretario Auditor de Adjuntas.

El auditor interviene, revisa y en gran parte tiene el control del desembolso de los fondos públicos, pero en realidad no desembolsa, en el sentido en que esa palabra se usa en el estatuto. Esto se aclara un poco más al compararse los otros delitos especificados en el artículo 372. El caso no es nuevo ante esta corte. En el de *El Pueblo* v. *Falcón,* 41 D.P.R. 624, resolvimos definitivamente que el auditor municipal no era la persona encargada de recibir, guardar, traspasar o desembolsar fondos públicos. Según dijimos en dicho caso, la idea de la ley es referirse al funcionario que tiene la custodia real y directa de los fondos y quien los paga finalmente, es decir, al tesorero.

■ Ahora bien, ¿cuál es la posición del otro acusado? En la acusación no hay imputación alguna de que él particularmente tuviera la posesión de los fondos sino que el fiscal pudo erróneamente haber querido alegar una posesión conjunta o la posesión parcial del secretario auditor. Más particularmente, la acusación guarda silencio sobre la cuestión de si Juan P. Bouillerce, el Comisionado Municipal de Hacienda, efectuó sus pagos a los supuestos trabajadores contra una orden suscrita por el auditor. *Non constat* que Bouillerce pagara bajo la Ley Municipal los fondos que él se supone retuviera hasta que el Comisionado del Interior tomara la debida acción, según se alega en la acusación. Esta idea se fortalece por el hecho de que el gravamen de la acusación parece estar dirigido contra el auditor y no contra el Comisionado de Hacienda, o Tesorero. La acusación no imputa en forma alguna que existiera una conspiración entre Aparicio y Bouillerce. Parte del delito imputado es que Aparicio actuó sin recibir la debida orden del Auditor de Puerto Rico después de haber consultado con ese funcionario. Nada hay en la acusación que demuestre que Bouillerce tuviera conocimiento de la falta de autoridad del auditor para actuar, v. g., para expedir el correspondiente libramiento, suponiendo, conforme lo hacemos, que ésta sea

una práctica de dicho municipio de acuerdo con la Ley Municipal. No se desprende con ningún grado de certeza que Bouillerce, a sabiendas o maliciosamente, pagara ningunas sumas de dinero, sino que por el contrario la inferencia es que el auditor expidió libramientos al aludido comisionado de hacienda. Convenimos con los apelantes en que la acusación no señala claramente los deberes de cada uno de los funcionarios a quienes se imputa la comisión del delito, y *la sentencia debe ser revocada y absolverse a los acusados.*